LOWNDES COUNTY, GEORGIA
Lowndes County - Superior Court
2022CV0484
4/5/2022 1:14 PM
Beth C. Greene
Clerk of Superior State Juvenile Courts
Reviewed by: Michael Hebert

# IN THE SUPERIOR COURT OF LOWNDES COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| **WESLEY ANDERSON,** | * | |
| | * | **CIVIL ACTION** |
| **Plaintiff,** | * | 2022CV0484 |
| **v.** | * | **FILE NO. _____** |
| | * | |
| **JONATHAN A. HINDI,** | * | |
| **MARASPEED LOGISTICS, INC., and** | * | |
| **PROGRESSIVE SOUTHEASTERN** | * | |
| **INSURANCE COMPANY,** | * | |
| | * | |
| **Defendants.** | * | |

## <u>SUMMONS</u>

TO:   JONATHAN A. HINDI
       5220 TRINITY VILLAGE LANE
       RALEIGH, NC 27607

You are hereby summoned and required to file with the Clerk of said Court and serve upon Jody D. Peterman, Plaintiff's attorney, whose address is Jody D. Peterman, LLC, P.O. Box 6010, Valdosta, GA  31603-6010, an answer to the Complaint which is herewith served upon you, within thirty (30) days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This the 6th day of April , 2022.

/s/ Michael Hebert
Dep. _____
CLERK OF COURT

Ex. A.

LOWNDES COUNTY, GEORGIA
Lowndes County - Superior Court
2022CV0484
4/6/2022 1:14 PM
Beth C. Greene
Clerk of Superior State Juvenile Courts
Reviewed by: Michael Hebert

## IN THE SUPERIOR COURT OF LOWNDES COUNTY

### STATE OF GEORGIA

WESLEY ANDERSON,                          ＊
                                          ＊
        Plaintiff,                        ＊   **CIVIL ACTION**
                                          ＊      2022CV0484
v.                                        ＊   **FILE NO.** _____
                                          ＊
JONATHAN A. HINDI,                        ＊
MARASPEED LOGISTICS, INC., and            ＊
PROGRESSIVE SOUTHEASTERN                  ＊
INSURANCE COMPANY,           ＼            ＊
                                          ＊   **Second Original**
        Defendants.                       ＊

---

### SUMMONS

TO:   MARASPEED LOGISTICS INC.
      C/O DANIEL V. GHITA, AS REGISTERED AGENT
      12057 FLINT DRIVE
      HOMER GLEN, IL 60491

        You are hereby summoned and required to file with the Clerk of said Court and serve

upon Jody D. Peterman, Plaintiff's attorney, whose address is Jody D. Peterman, LLC, P.O. Box

6010, Valdosta, GA 31603-6010, an answer to the Complaint which is herewith served upon

you, within thirty (30) days after service of this summons upon you, exclusive of the day of

service. If you fail to do so, judgment by default will be taken against you for the relief

demanded in the complaint.

        This the 6th day of ____April_____, 2022.

                                /s/ Michael Hebert
                         Dep. CLERK OF COURT
                         _____



LOWNDES COUNTY, GEORGIA
Lowndes County - Superior Court
2022CV0484
4/5/2022 1:14 PM
Beth C. Greene
Clerk of Superior State Juvenile Courts
Reviewed by: Michael Hebert

## IN THE SUPERIOR COURT OF LOWNDES COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| **WESLEY ANDERSON,** | * | |
| | * | **CIVIL ACTION** |
| **Plaintiff,** | * | 2022CV0484 |
| v. | * | **FILE NO.** _____ |
| | * | |
| **JONATHAN A. HINDI,** | * | |
| **MARASPEED LOGISTICS, INC., and** | * | |
| **PROGRESSIVE SOUTHEASTERN** | * | |
| **INSURANCE COMPANY,** | * | **Second Original** |
| | * | |
| **Defendants.** | * | |

### SUMMONS

TO:   PROGRESSIVE SOUTHEASTERN INSURANCE COMPANY
C/O C T CORPORATION SYSTEM, AS REGISTERED AGENT
289 S. CULVER STREET
LAWRENCEVILLE, GA 30046-4805

You are hereby summoned and required to file with the Clerk of said Court and serve upon Jody D. Peterman, Plaintiff's attorney, whose address is Jody D. Peterman, LLC, P.O. Box 6010, Valdosta, GA  31603-6010, an answer to the Complaint which is herewith served upon you, within thirty (30) days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This the 6th day of _____April_____, 2022.

/s/ Michael Hebert
Dep. CLERK OF COURT

LOWNDES COUNTY, GEORGIA
Lowndes County - Superior Court
2022CV0484
4/5/2022 1:14 PM
Beth C. Greene
Clerk of Superior State Juvenile Courts
Reviewed by: Michael Hebert

**IN THE SUPERIOR COURT OF LOWNDES COUNTY**

**STATE OF GEORGIA**

| | |
|---|---|
| **WESLEY ANDERSON,** | * |
| **Plaintiff,** | * **CIVIL ACTION** |
| v. | * **FILE NO.** 2022CV0484 |
| **JONATHAN A. HINDI,** | * |
| **MARASPEED LOGISTICS INC., and** | * |
| **PROGRESSIVE SOUTHEASTERN** | * |
| **INSURANCE COMPANY,** | * **Second Original** |
| **Defendants.** | * |

**COMPLAINT**

COMES NOW Wesley Anderson, Plaintiff in the above-styled action, and files this his Complaint against the Defendants, showing the Court as follows:

1.

Defendant Jonathan A. Hindi ("Defendant Hindi") is a resident of the State of North Carolina and can be properly served at 5220 Trinity Village Lane, Raleigh, North Carolina 27607.

2.

Defendant Maraspeed Logistics Inc. ("Defendant Maraspeed Logistics") is a foreign corporation incorporated in the State of Illinois. Defendant Maraspeed Logistics may be served through its registered agent: Daniel V. Ghita, 12057 Flint Drive, Homer Glen, Illinois 60491.

3.

Defendant Progressive Southeastern Insurance Company ("Defendant Progressive") is a foreign insurance company that is authorized to and does transact business within the State of Georgia. Defendant Progressive may be served through its registered agent:  C T Corporation System, 289 S. Culver Street, Lawrenceville, Georgia 30046-4805.

4.

Jurisdiction and venue are proper in this Court.

5.

On or about January 24, 2022, at approximately 12:15 p.m., Plaintiff was parked in his commercial vehicle at 3460 Madison Highway in Lowndes County, Georgia.

6.

On the same date and same approximate time, Defendant Hindi was operating a commercial vehicle in the same location.   Defendant Hindi failed to observe Plaintiff's vehicle and struck the front of Plaintiff's vehicle.

7.

At the time of the collision, Defendant Hindi was operating a vehicle owned by Defendant Maraspeed Logistics and insured by Defendant Progressive.

## COUNT I:  DEFENDANT HINDI'S NEGLIGENCE

8.

Plaintiff incorporates paragraphs 1 through 7 into Count I of this complaint.

9.

Defendant Hindi failed to exercise due care while driving.

10.

Defendant Hindi negligently drove his vehicle into Plaintiff's vehicle.

11.

Plaintiff had no control over Defendant Hindi's actions.

12.

Due to the lack of time between events, Plaintiff was unable to avoid the collision.

13.

The proximate cause of the collision was solely the negligence of the Defendant Hindi.

14.

Defendant Hindi was negligent in the following particulars, but not limited to these particulars:

a.      Failure to keep a proper lookout;

b.      Failure to use due care while driving, which is negligence per se – O.C.G.A. § 40-6-241; and

c.      Driving in a manner as to collide with another vehicle.

## COUNT II:  DEFENDANT MARASPEED LOGISTICS INC.'S LIABILITY

15.

Plaintiff incorporates paragraphs 1 through 14 into Count II of this Complaint.

16.

At the time of the accident, Defendant Hindi was employed by Defendant Maraspeed Logistics.

17.

At the time of the accident, the vehicle driven by Defendant Hindi was being used for his employment with Defendant Maraspeed Logistics and was owned by Defendant Maraspeed Logistics.

18.

At the time of the accident, Defendant Hindi was acting in the course and scope of his employment and in furtherance of the business of Defendant Maraspeed Logistics.

19.

Defendant Maraspeed Logistics is vicariously liable for the acts and omissions of Defendant Hindi as to the accident involving Plaintiff. O.C.G.A. § 51-2-2; Chorey, Taylor & Feil, P.C. v. Clark, 273 Ga. 143, 144 (2000).

## COUNT III: DEFENDANT PROGRESSIVE SOUTHEASTERN INSURANCE COMPANY'S LIABILITY

20.

Plaintiff incorporates paragraphs 1 through 19 into Count III of this Complaint.

21.

Defendant Progressive issued a policy of insurance to Defendant Maraspeed Logistics, which was in effect at the time of the collision referred to in this Complaint.

22.

Pursuant to O.C.G.A.§40-2-140, Plaintiff is entitled to a direct action against Defendant Progressive for the injuries sustained up to the extent of the policy limits for the actions of Defendant Maraspeed Logistics.

23.

Defendant Progressive is liable to Plaintiff for the actions of Defendant Maraspeed

Logistics and Defendant Hindi pursuant to O.C.G.A §40-2-140.

## COUNT IV:  DAMAGES

24.

Plaintiff incorporates paragraphs 1 through 25 into Count IV of this Complaint.

25.

As a result of the Defendants' negligence, Plaintiff has suffered bodily injuries.

26.

Plaintiff has incurred medical and medically related bills as a result of the injuries

suffered as a result of the Defendants' negligence.

27.

Plaintiff will continue to incur medical and medically related bills.

28.

Plaintiff will continue to endure pain and suffering.

29.

Plaintiff will suffer pain and discomfort for his whole body for the rest of his life.

Plaintiff's injuries are permanent in nature.

30.

Plaintiff incurred lost wages as a result of Defendants' negligence.

31.

Plaintiff incurred property damage as a result of Defendants' negligence.

32.

The damages suffered by Plaintiff herein are the direct and proximate result of the

Defendants' negligent acts.


WHEREFORE, Plaintiff prays as follows:

a.      That process issue as provided by law;

b.      A trial by jury;

c.      Judgment against the Defendants jointly and severally for medical bills and pain

        and suffering in the amount of $900,000.00 plus costs;

d.      Judgment against Defendants for reasonable attorney's fees and all costs of this

        action;

e.      Such other and further relief as this Court may deem just and proper.

This the 5th day of April, 2022.


                                        /s/ Jody D. Peterman
                                        **JODY D. PETERMAN**
                                        Attorney for Plaintiff
                                        Georgia Bar No.: 573552

Jody D. Peterman, LLC
P.O. Box 6010
Valdosta, GA  31603-6010                /s/ Dillon P. Hanson
(229) 247-0386                          **DILLON P. HANSON**
Email: petermanlawoffice@yahoo.com      Attorney for Plaintiff
       dhanson.petermanlaw@gmail.com    Georgia Bar No.:  883590

LOWNDES COUNTY - GEORGIA
Lowndes County - Superior Court
2022CV0484
5/31/2022 3:18 PM
Beth C. Greene
Clerk of Superior State Juvenile Courts
Reviewed by: Victor Aviles

SHERIFF'S ENTRY OF SERVICE                                                    REORDER #11-1785 TO

| | |
|---|---|
| Civil Action # 2022CV0484 | Superior Court ☑ |
| Date Filed 4/5/22 | State Court ☐ |

**LOWNDES COUNTY**

Wesley Anderson

_____ Plaintiff

VS.

Jonathan A. Hindi, Maraspeed Logistics, Inc., and

Progressive Southeastern Insurance Company

Defendant

Garnishee

Attorney's Address

Jody D. Peterman, LLC
304 N. Ashley Street
Valdosta, GA 31601

Name and Address of Party to be Served.

Progressive Southeastern Insurance Company

c/o C T Corporation System, as Registered Agent

289 S. Culver Street

Lawrenceville, GA 30046-4805

**SHERIFF'S ENTRY OF SERVICE**

**PERSONAL**

I have this day served the defendant _____ personally with a copy
of the within action and summons.

**NOTORIOUS** ☐

I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows:

age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled at
the residence of defendant.

**CORPORATION** ☒

Served the defendant _Progressive_ _Southeastern_ _Insurance_ _Company_ a corporation
by leaving a copy of the within action and summons with _to._ _Jane_ _Richardson_

in charge of the office and place of doing business of said Corporation in this County.
            Second Original Summons, Complaint

**TACK & MAIL** ☐

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class, in an
envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice
to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐

Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This _19_ day of _May_, 20 _22_.

W. Coberly 501332
                                                            DEPUTY

SHERIFF DOCKET _____ PAGE _____
WHITE--CLERK   CANARY--PLAINTIFF   PINK--DEFENDANT

## Will County Sheriff's Office    |    Affidavit of Service

Case Number: 22 CV 484      Paper Number: 2022-00004228      _____ Attorney   _____ Pro Se

Plaintiff:

　WESLEY ANDERSON                                JODY D PETERMAN LLC

                                                PO BOX 6010

Defendant:                                      VALDOSTA, Georgia 31603

　MARASPEED LOGISTICS INC

| **Paper Description** | | | **Attempted Services** | |
|---|---|---|---|---|
| SUMMONS-OUT OF STATE | Date | Time | | Deputy and I.D.# |

Issued:   Wednesday, April 6, 2022
Expires:  Friday, July 1, 2022
Payment:  $66.00

### Person To Be Served

MARASPEED LOGISTICS INC

12057 W FLINT DR

HOMER GLEN, Illinois 60491

**Special Notes:**
KS

I certify that I have served the attached Civil Process on the person to be served as follows:

(A) _____ Personal Service:    By leaving a copy of the ___ Summons/Compaint ___ Rule ___ Order ___ Subpoena
　　　　　　　　　　　　　　　　　　___ Notice ___ Judgment ___ Order of Protection ___ Summons/Petition for Order of
　　　　　　　　　　　　　　　　　　Protection ___ Citation ___ Civil/Stalking No Contact Order

(B) __✓__ Substitute Service:    By leaving a copy of the ___ Summons/Complaint ___ Citation ___ Notice ___ Judgment
　　　　　　　　　　　　　　　　　　___ Order of Possession at the defendant's usual place of abode, with some person of
　　　　　　　　　　　　　　　　　　the family or person residing there, of the age of 13 years or upwards, and informing said
　　　　　　　　　　　　　　　　　　person of the contents. Also, a copy of the Civil Process was mailed to the defendant at
　　　　　　　　　　　　　　　　　　his/her usual place of abode on _____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　(Date Only)

(C) _X_ Service On:    ___ Corporation ___ Company _✓_ Business

　　　　　　　　　　　　By leaving a copy of the ___ Summons/Complaint ___ Citation ___ Rule ___ Order
　　　　　　　　　　　　___ Notice ___ Judgment ___ Subpoena with the registered agent or any officer, or agent
　　　　　　　　　　　　of the corporation, or partner or agent of the partnership.

(D) _____ Other Service:    ___ Certified Mail ___ Posting

(E) _____ The named defendant    ___ Moved ___ No Contact ___ Returned by Attorney ___ Expired ___ Not Listed
　　　　　　　was not served:    ___ No Such Address ___ Deceased ___ Other Reason
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　(See Remarks)

Person to Serve: _MARASPEED LOGISTICS_

Serving Address: _12057 W Flint Dr., HG, IL 60491_

Process Served On: _NANCY Stephens_    Relationship: _Wife of owner_

Sex: _F_  M/F   Race: _W_    Age Range: _OLD, over 70_

This _2_ day of _June_ 20 _22_ Time: _1957_ _____ hours

Sheriff Mike Kelley by: _RYW_    I.D. Number: _171_

Remarks: _____

Entered By: ___KS___    Date Entered: __Wednesday, June 1, 2022  9:05:55AM__

Date Printed: Wednesday, June 1, 2022 - 9:08 am                                              Page 1 of 1

3 Pages FAXED Tue, 07 Jun 2022 20:22:29 GMT

PAGE 2/3 * RCVD AT 6/7/2022 4:17:27 PM [Eastern Daylight Time] * SVR:SCRFXP15/20 * DNIS:8339051739 * CSID:2294694735 * ANI:2294696735 * DURATION (mm-ss):00-57

LOWNDES COUNTY, GEORGIA
Lowndes County - Superior Court
2022CV0484
6/15/2022 4:31 PM
Beth C. Greene
Clerk of Superior State Juvenile Courts
Reviewed by: Stacy Barrett

SHERIFF'S ENTRY OF SERVICE

REORDER #11-1785 TO MW CASS PERRY CO. COVINGTON, GA 30014

Civil Action #   2022CV0484

Date Filed   4/5/22

Superior Court ☑
State Court ☐

**LOWNDES COUNTY**

Wesley Anderson

_____ Plaintiff

Attorney's Address

Jody D. Peterman, LLC
304 N. Ashley Street
Valdosta, GA 31601

VS.

Jonathan A. Hindi, Maraspeed Logistics, Inc., and

Progressive Southeastern Insurance Company

_____ Defendant

Name and Address of Party to be Served.

Jonathan A. Hindi

5220 Trinity Village Lane , Apt. 304

Raleigh, NC 27607

_____ Garnishee

### SHERIFF'S ENTRY OF SERVICE

**PERSONAL**

✓ I have this day served the defendant _Jonathan A. Hindi_ personally with a copy of the within action and summons.
Second Original Summons, Complaint

**NOTORIOUS** ☐

I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows:

age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION** ☐

Served the defendant _____ a corporation

by leaving a copy of the within action and summons with _____

in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class, in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☑

✓ Diligent search made and defendant _to serve. No apartment number provided. Attempts at a residence_ not to be found in the jurisdiction of this Court.

This _7_ day of _June_, 20 _22_.

_3355_

DEPUTY

SHERIFF DOCKET _____ PAGE _____
WHITE–CLERK   CANARY–PLAINTIFF   PINK–DEFENDANT

**STATE OF NORTH CAROLINA**
**COUNTY OF WAKE**

**STATE OF GEORGIA**
**COUNTY OF LOWNDES**



Plaintiff Name:
ANDERSON, WESLEY

*Versus*

Defendant Name:
HINDI, JONATHAN A
5220 TRINTIY VILLAGE LN
RALEIGH, NC 27607

**DEPUTY'S AFFIDAVIT**
**OF SERVICE**

Court File No: 2022CV0484

I,_____J. Abraham_____, being a duly sworn Deputy Sheriff of
Wake County, Raleigh, North Carolina, States that in the above referenced matter,  on the
___7___ Day of ___June___ ,20_22_ at _11:15_ {X}AM{ }PM, HE/SHE
{X} SERVED/ {X}WAS UNABLE TO SERVE, HINDI, JONATHAN A, legal service of Summons & Complaint , on
Defendant/Person to serve as follows: (check one):

[X] BY DELIVERING TO DEFENDANT / PERSON TO SERVE A COPY (IES)

[ ] BY LEAVING A COPY (IES) AT THE DWELLING HOUSE OR USUAL PLACE OF ABODE OF THE DEFENDANT/
PERSON TO SERVE, WITH A PERSON OF SUITABLE AGE.

[ ] AS THE DEFENDANT / PERSON TO SERVE IS A CORPORATION, SERVICE WAS EFFECTED BY DELIVERING
A COPY(IES) TO WHO IS AN OFFICER OF THE CORPORATION.

[X] NOT SERVED: DEFENDANT/PERSON NOT FOUND IN WAKE COUNTY. *No apartment number provided*

[ ] OTHER:_____

Service Name:_____

**GERALD M. BAKER**
SHERIFF OF WAKE COUNTY

BY:_____ 3355
*DEPUTY SHERIFF*

SUBSCRIBED AND SWORN TO BEFORE ME THIS
THE _7th_ DAY OF _June, 2022_ ,
_Bethena J. Butler_____
NOTARY PUBLIC, WAKE COUNTY, NORTH CAROLINA
MY COMMISSION EXPIRES THE _1th_ DAY OF _March 2027_



R_Civi83

LOWNDES COUNTY, GEORGIA
Lowndes County - Superior Court
2022CV0484
6/30/2022 4:50 PM
Beth C. Greene
Clerk of Superior State Juvenile Courts
Reviewed by: Stacy Barrett

## IN THE SUPERIOR COURT OF LOWNDES COUNTY
## STATE OF GEORGIA

|  |  |
|---|---|
| WESLEY ANDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL ACTION FILE NO. |
| | )   2022CV0484 |
| JONATHAN A. HINDI; MARASPEED | ) |
| LOGISTICS, INC.; and PROGRESSIVE | ) |
| SOUTHEASTERN INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ANSWER OF DEFENDANT PROGRESSIVE SOUTHEASTERN INSURANCE COMPANY

COMES NOW Progressive Southeastern Insurance Company, one of the named Defendants in the above-captioned action, and files its Answer to Plaintiff's Complaint for Damages, respectfully showing the Court as follows:

### FIRST DEFENSE

Plaintiff's Complaint for Damages fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Venue is improper as to this Defendant.

### THIRD DEFENSE

This Defendant was not negligent at the time and place in question under the circumstances then and there existing.

Page 1

## FOURTH DEFENSE

This Defendant breached no duty owed to Plaintiff, and thus, Plaintiff's Complaint for Damages is due to be dismissed.

## FIFTH DEFENSE

Inasmuch as this Defendant was not negligent in any manner whatsoever, it is not liable to Plaintiff in any amount whatsoever.

## SIXTH DEFENSE

This Defendant, by and through its employees and agents, was not negligent at the time and place in question under the circumstances then and there existing.

## SEVENTH DEFENSE

No act or omission on the part of this Defendant was the proximate cause of any alleged injury to Plaintiff, and thus, Plaintiff's Complaint for Damages should be denied.

## EIGHTH DEFENSE

Plaintiff's claims against this Defendant are barred because the injuries and damages alleged by Plaintiff, if any, were proximately caused by the acts or omissions of those over whom this Defendant had no control; therefore, this Defendant cannot be held directly or vicariously liable for any alleged damages.

## NINTH DEFENSE

In further plea and answer, this Defendant demands strict proof of proximate cause as to any damages claimed by Plaintiff.

## TENTH DEFENSE

Plaintiff has failed to allege her special damages with specificity as required by law, and thus, her Complaint for Damages is due to be dismissed.

## ELEVENTH DEFENSE

This Defendant denies that Defendant Progressive or Maraspeed Logistics, Inc. negligently hired, trained, supervised, employed or retained Defendant Robert Caywood.

## TWELFTH DEFENSE

This Defendant shows that its rights and obligations are controlled by the commercial policy of insurance that has applicable to this action, and this Defendant specifically reserves the right to rely upon the terms and provisions of such policy with regard to all claims in this action, including with regard to whether the policy applies to or covers the claim, parties, vehicles, or losses alleged or which may be alleged.

## THIRTEENTH DEFENSE

In further plea and answer, this Defendant sets forth those affirmative defenses specifically enumerated in O.C.G.A. § 9-11-8(c) in the event that subsequent discovery in this case makes applicable any of said defenses.

## FOURTEENTH DEFENSE

In further plea and answer, this Defendant sets forth those defenses specifically enumerated in O.C.G.A. § 9-11-12(b) in the event that subsequent discovery in this case makes applicable any of said defenses.

## FIFTEENTH DEFENSE

In answer to the separately enumerated paragraphs of Plaintiff's Complaint for Damages, this Defendant states as follows:

1.

This Defendant lacks sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 1 of Plaintiff's Complaint for Damages and can neither admit nor deny the same.

2.

This Defendant lacks sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 2 of Plaintiff's Complaint for Damages and can neither admit nor deny the same.

3.

Admitted.

4.

This Defendant lacks sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 4 of Plaintiff's Complaint for Damages and can neither admit nor deny the same.

5.

Upon information and belief, admitted.

6.

The first sentence is of paragraph 6 is admitted upon information and belief. This Defendant lacks sufficient information or knowledge to form a belief as to the allegations contained in the remainder of Paragraph 6 of Plaintiff's Complaint for

Damages and can neither admit nor deny the same. By way of further answer this Defendant admits upon information and belief that a minor collision did take place between the vehicle Defendant Hindi was operating and the vehicle Plaintiff Anderson was occupying.

7.

This Defendant admits that it insured the vehicle Defendant Hindi was operating. Upon information and belief, the remainder of Paragraph 7 of Plaintiff's Complaint is denied as pled. Upon information and belief, Defendant Maraspeed Logistics Inc., had leased the vehicle to another company.

**<u>COUNT I</u>**

8.

As Plaintiff reaffirms and re-alleges all of the allegations contained in Paragraphs 1 through 7 of his Complaint for Damages, this Defendant restates its responses to said Paragraphs as if fully set forth herein.

9.

This Defendant lacks sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 9 of Plaintiff's Complaint for Damages and can neither admit nor deny the same.

10.

This Defendant lacks sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 10 of Plaintiff's Complaint for Damages and can neither admit nor deny the same.

Page 5

11.

This Defendant lacks sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 11 of Plaintiff's Complaint for Damages and can neither admit nor deny the same.

12.

This Defendant lacks sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 12 of Plaintiff's Complaint for Damages and can neither admit nor deny the same.

13.

This Defendant lacks sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 13 of Plaintiff's Complaint for Damages and can neither admit nor deny the same.

14.

This Defendant lacks sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 14 of Plaintiff's Complaint for Damages and can neither admit nor deny the same.

## **COUNT II**

15.

As Plaintiff reaffirms and re-alleges all of the allegations contained in Paragraphs 1 through 14 of his Complaint for Damages, this Defendant restates its responses to said Paragraphs as if fully set forth herein.

16.

Upon information and belief, denied.

17.

Upon information and belief, denied with respect to Defendant Hindi being an employee of Defendant Maraspeed Logistics. The remainder of Paragraph 17 of Plaintiff's Complaint is denied as pled.  In further answer, upon information and belief, Defendant Maraspeed Logistics had leased the truck to another company.

18.

Upon information and belief, denied.

19.

Upon information and belief, denied.

## COUNT III

20.

As Plaintiff reaffirms and re-alleges all of the allegations contained in Paragraphs 1 through 19 of his Complaint for Damages, this Defendant restates its responses to said Paragraphs as if fully set forth herein.

21.

Denied.

22.

Denied as pled.

23.

Denied as pled.

## COUNT IV

24.

As Plaintiff reaffirms and re-alleges all of the allegations contained in Paragraphs 1 through 23 of his Complaint for Damages, this Defendant restates its responses to said Paragraphs as if fully set forth herein.

25.

Upon information and belief, denied.

26.

Upon information and belief, denied.

27.

This Defendant lacks sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 27 of Plaintiff's Complaint for Damages and can neither admit nor deny the same.

28.

This Defendant lacks sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 87 of Plaintiff's Complaint for Damages and can neither admit nor deny the same.

29.

This Defendant lacks sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 29 of Plaintiff's Complaint for Damages and can neither admit nor deny the same.

30.

Upon information and belief, denied.

31.

Upon information and belief, denied.

32.

Upon information and belief, denied.

33.

Any and all allegations not heretofore denied, or for want of sufficient information neither admitted nor denied are hereby denied.

WHEREFORE, having fully answered, this Defendant prays as follows:

(a) That Plaintiff's Complaint for Damages be dismissed;

(b) That judgment be entered in this Defendant's favor;

(c) That this Defendant have a trial by twelve (12) fair and impartial jurors as to any factual issues, including damages; and,

(d) That this Defendant have such other and further relief as the Court deems appropriate under the circumstances of this case.

Respectfully submitted, this 30th day of June, 2022.

Jason D. Lewis
Georgia Bar No. 197856
*Attorneys for Defendant*

CHAMBLESS, HIGDON, RICHARDSON,
 KATZ & GRIGGS, LLP
3920 Arkwright Road – Suite 405
Post Office Box 18086
Macon, Georgia 31209-8086
(478) 745-1181

## **CERTIFICATE OF SERVICE**

This is to certify that I, Jason D. Lewis, attorney of record for Defendant, have, as of the date set forth below, served a copy of the within and foregoing pleading upon all counsel of record, by placing a copy of same in the United States mail, with adequate postage thereon to ensure proper delivery:

> Jody D. Peterman, Esq.
> Dillon P. Hanson, Esq.
> JODY D. PETERMAN, LLC
> P.O. Box 6010
> Valdosta, Georgia 31603-6010

This 30th day of June, 2022.

_____
Jason D. Lewis

CHAMBLESS, HIGDON, RICHARDSON,
  KATZ & GRIGGS, LLP
3920 Arkwright Road – Suite 405
Post Office Box 18086
Macon, Georgia 31209-8086
(478) 745-1181

LOWNDES COUNTY, GEORGIA
Lowndes County - Superior Court
2022CV0484
7/5/2022 11:33 AM
Beth C. Greene
Clerk of Superior State Juvenile Courts
Reviewed by: Stacy Barrett

**IN THE SUPERIOR COURT OF LOWNDES COUNTY**
**STATE OF GEORGIA**

|                                          |     |                              |
| ---------------------------------------- | --- | ---------------------------- |
| WESLEY ANDERSON,                         | )   |                              |
|                                          | )   |                              |
| Plaintiff,                               | )   |                              |
|                                          | )   |                              |
| vs.                                      | )   | CIVIL ACTION FILE NO.        |
|                                          | )   | 2022CV0484                   |
| JONATHAN A. HINDI; MARASPEED             | )   |                              |
| LOGISTICS, INC.; and PROGRESSIVE         | )   |                              |
| SOUTHEASTERN INSURANCE                   | )   |                              |
| COMPANY,                                 | )   |                              |
|                                          | )   |                              |
| Defendants.                              | )   |                              |
|                                          | )   |                              |

**SPECIAL APPEARANCE AND ANSWER OF**
**DEFENDANT MARASPEED LOGISTICS, INC.**

COMES NOW Maraspeed Logistics, Inc., one of the named Defendants in the above-captioned action, and without submitting to jurisdiction and venue of this Court, files its Special Appearance and Answer to Plaintiff's Complaint for Damages, respectfully showing the Court as follows:

**FIRST DEFENSE**

Plaintiff's Complaint for Damages fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Venue is improper as to this Defendant.

**THIRD DEFENSE**

This Defendant was not negligent at the time and place in question under the circumstances then and there existing.

Page 1

FOURTH DEFENSE

This Defendant breached no duty owed to Plaintiff, and thus, Plaintiff's Complaint for Damages is due to be dismissed.

FIFTH DEFENSE

Inasmuch as this Defendant was not negligent in any manner whatsoever, it is not liable to Plaintiff in any amount whatsoever.

SIXTH DEFENSE

This Defendant, by and through its employees and agents, was not negligent at the time and place in question under the circumstances then and there existing.

SEVENTH DEFENSE

No act or omission on the part of this Defendant was the proximate cause of any alleged injury to Plaintiff, and thus, Plaintiff's Complaint for Damages should be denied.

EIGHTH DEFENSE

Plaintiff's claims against this Defendant are barred because the injuries and damages alleged by Plaintiff, if any, were proximately caused by the acts or omissions of those over whom this Defendant had no control; therefore, this Defendant cannot be held directly or vicariously liable for any alleged damages.

NINTH DEFENSE

In further plea and answer, this Defendant demands strict proof of proximate cause as to any damages claimed by Plaintiff.

<u>TENTH DEFENSE</u>

Plaintiff has failed to allege his special damages with specificity as required by law, and thus, his Complaint for Damages is due to be dismissed.

<u>ELEVENTH DEFENSE</u>

This Defendant denies that it negligently hired, trained, supervised, employed or retained Defendant Hindi.

<u>TWELFTH DEFENSE</u>

This Defendant raises the defenses of insufficient service and insufficient service of process.

<u>THIRTEENTH DEFENSE</u>

In further plea and answer, this Defendant sets forth those affirmative defenses specifically enumerated in O.C.G.A. § 9-11-8(c) in the event that subsequent discovery in this case makes applicable any of said defenses.

<u>FOURTEENTH DEFENSE</u>

In further plea and answer, this Defendant sets forth those defenses specifically enumerated in O.C.G.A. § 9-11-12(b) in the event that subsequent discovery in this case makes applicable any of said defenses.

<u>FIFTEENTH DEFENSE</u>

Venue is improper.

<u>SIXTEENTH DEFENSE</u>

Defendant raises the defenses of lack of personal jurisdiction.

<u>SEVENTEENTH DEFENSE</u>

In answer to the separately enumerated paragraphs of Plaintiff's Complaint for Damages, this Defendant states as follows:

1.

This Defendant lacks sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 1 of Plaintiff's Complaint for Damages and can neither admit nor deny the same.

2.

Admitted.

3.

This Defendant lacks sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 3 of Plaintiff's Complaint for Damages and can neither admit nor deny the same.

4.

Denied.

5.

This Defendant lacks sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 5 of Plaintiff's Complaint for Damages and can neither admit nor deny the same.

6.

This Defendant lacks sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 6 of Plaintiff's Complaint for Damages and can neither admit nor deny the same.

7.

Denied.

## **COUNT I**

8.

As Plaintiff reaffirms and re-alleges all of the allegations contained in Paragraphs 1 through 7 of his Complaint for Damages, this Defendant restates its responses to said Paragraphs as if fully set forth herein.

9.

This Defendant lacks sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 9 of Plaintiff's Complaint for Damages and can neither admit nor deny the same.

10.

This Defendant lacks sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 10 of Plaintiff's Complaint for Damages and can neither admit nor deny the same.

11.

This Defendant lacks sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 11 of Plaintiff's Complaint for Damages and can neither admit nor deny the same.

12.

This Defendant lacks sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 12 of Plaintiff's Complaint for Damages and can neither admit nor deny the same.

13.

This Defendant lacks sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 13 of Plaintiff's Complaint for Damages and can neither admit nor deny the same.

14.

This Defendant lacks sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 14 of Plaintiff's Complaint for Damages and can neither admit nor deny the same.

**<u>COUNT II</u>**

15.

As Plaintiff reaffirms and re-alleges all of the allegations contained in Paragraphs 1 through 14 of his Complaint for Damages, this Defendant restates its responses to said Paragraphs as if fully set forth herein.

16.

Denied.

17.

Denied with respect to Defendant Hindi being an employee of Defendant Maraspeed Logistics. The remainder of Paragraph 17 of Plaintiff's Complaint is denied as pled.  In further answer, Defendant Maraspeed Logistics had leased the truck to another company.

18.

Denied.

19.

Denied.

## COUNT III

20.

As Plaintiff reaffirms and re-alleges all of the allegations contained in Paragraphs 1 through 19 of his Complaint for Damages, this Defendant restates its responses to said Paragraphs as if fully set forth herein.

21.

Denied.

22.

Denied as pled.

23.

Denied as pled.

## COUNT IV

24.

As Plaintiff reaffirms and re-alleges all of the allegations contained in Paragraphs 1 through 23 of his Complaint for Damages, this Defendant restates its responses to said Paragraphs as if fully set forth herein.

25.

Upon information and belief, denied.

26.

Upon information and belief, denied.

27.

This Defendant lacks sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 27 of Plaintiff's Complaint for Damages and can neither admit nor deny the same.

28.

This Defendant lacks sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 87 of Plaintiff's Complaint for Damages and can neither admit nor deny the same.

29.

This Defendant lacks sufficient information or knowledge to form a belief as to the allegations contained in Paragraph 29 of Plaintiff's Complaint for Damages and can neither admit nor deny the same.

30.

Denied.

31.

Denied.

32.

Denied.

33.

Any and all allegations not heretofore denied, or for want of sufficient information neither admitted nor denied are hereby denied.

WHEREFORE, having fully answered, this Defendant prays as follows:

(a) That Plaintiff's Complaint for Damages be dismissed;

(b) That judgment be entered in this Defendant's favor;

(c) That this Defendant have a trial by twelve (12) fair and impartial jurors as to any factual issues, including damages; and,

(d) That this Defendant have such other and further relief as the Court deems appropriate under the circumstances of this case.

Respectfully submitted, this 5th day of July, 2022.

_____
Jason D. Lewis
Georgia Bar No. 197856
*Attorneys for Defendant*

CHAMBLESS, HIGDON, RICHARDSON,
   KATZ & GRIGGS, LLP
3920 Arkwright Road – Suite 405
Post Office Box 18086
Macon, Georgia 31209-8086
(478) 745-1181

## CERTIFICATE OF SERVICE

This is to certify that I, Jason D. Lewis, attorney of record for Defendant, have, as of the date set forth below, served a copy of the within and foregoing pleading upon all counsel of record, by placing a copy of same in the United States mail, with adequate postage thereon to ensure proper delivery:

> Jody D. Peterman, Esq.
> Dillon P. Hanson, Esq.
> JODY D. PETERMAN, LLC
> P.O. Box 6010
> Valdosta, Georgia 31603-6010

This 5th day of July, 2022.

_____
Jason D. Lewis

CHAMBLESS, HIGDON, RICHARDSON,
  KATZ & GRIGGS, LLP
3920 Arkwright Road – Suite 405
Post Office Box 18086
Macon, Georgia 31209-8086
(478) 745-1181